UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIVERVIEW MANAGEMENT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1099 |
| | § | |
| THE INTERNATIONAL INSURANCE | § | |
| COMPANY OF HANNOVER, LTD., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are plaintiff Riverview Management's ("Riverview") motion to remand and request for attorneys' fees in conjunction with the motion to remand. Dkt. 15. Having considered Riverview's motion and fees request, defendants' response, the record, and the applicable law, the motion to remand is **GRANTED**, and the request for attorneys' fees is **DENIED**.

### I. BACKGROUND

*A. Factual Background*[1]

Riverview owns, operates, and develops multi-family residential housing units. Dkt. 1, Ex. D (original petition) at 3. Between April 1, 2011 and April 1, 2012, Riverview's properties were covered by a property damage and business interruption insurance policy (the "policy") issued by defendant The International Insurance Company of Hannover, Ltd. ("Hannover"). *Id.* On or about

---

[1] The court's factual background is derived from the facts as presented in Riverview's original petition and motion to remand. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks omitted) (explaining that when evaluating whether to remand a case when the defendant alleges improper joinder, the district court "must take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff").

1

December 16, 2011, Riverview's personnel discovered substantial structural damage from apparent plumbing leaks at two of its Houston-area properties.  *Id.* at 4.

In early January 2012, Riverview sent a notice of claim under the policy to Hannover for insurance coverage related to the property damage.  *Id.*  Hannover hired McLarens Young International ("McLarens") to adjust the claim, and McLarens assigned its employee, Troy Crutchfield ("Crutchfield"), as the individual adjuster on the claim.  *Id.*  Shortly after Crutchfield was given the Riverview assignment, he was replaced by another adjuster, Jimmy Dodson ("Dodson").  McLarens also hired Rimkus Consultants ("Rimkus") to inspect Riverview's property damage.  *Id.*

On January 24 and 26, 2012, Rimkus and McLarens's personnel inspected the properties' roofs, building exteriors, and most of the individual units' interiors.  *Id.*  On March 23, 2012, McLarens sent a reservation of rights letter to Riverview regarding insurance coverage.  *Id.*  McLarens also requested additional information for investigative purposes, including permission to inspect four individual unit interiors, which were not inspected in January 2012.  *Id.*  These inspections were completed in late May 2012.  *Id.* at 5.

On July 2, 2012, McLarens sent a second request to Riverview regarding information about the properties.  *Id.*  McLarens asked for pre-loss plumbing tests, pre-loss soil boring data, and pre-loss repairs to sanitary sewers, foundations, exterior brick, and interior walls and ceilings at the properties.  *Id.*  Riverview responded to McLarens's request on July 9, explaining that it did not have such information.  *Id.*  But on August 1, 2012, Riverview provided rent rolls and rental loss information for 2011 to McLarens.  *Id.*  McLarens then requested additional rental information for 2009 and 2010, which Riverview sent on August 29, 2012.  *Id.*

Meanwhile, as McLarens conducted its investigation, Riverview asked in May 2012 for the defendants' plumbing tests. *Id.* at 6. Defendants, however, did not provide the reports to Riverview until July 31, 2012, and the reports were incomplete. *Id.* Defendants turned over the remainder of the reports several weeks later, and according to Riverview, the missing portions tended to support a coverage finding. *Id.* Defendants also failed to provide a copy of the engineering report to Riverview for nearly three months after the investigation concluded. *Id.* at 7.

On November 9, 2012, eleven months after receiving the claim, Dodson sent a letter to Riverview and denied the claim in its entirety. *Id.*; Dkt. 15, Ex. F (claims decision letter). According to Riverview, the processing delays were due to McLarens's and Dodson's pretextual desire to deny the claim through deliberately flawed and erroneous engineering and plumbing reports. Dkt. 1, Ex. D at 7. Riverview contends that if defendants had conducted a timely, good-faith investigation, they would have concluded that Riverview's damages for property and business interruption losses were covered by the policy. *Id.* at 7–8.

## B. *Procedural Background*

On February 12, 2013, Riverview filed its original petition in state court against Hannover, McLarens, and Dodson (collectively, the "defendants"), alleging breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. *Id.* at 8–13. With regards to Dodson, Riverview alleges violations of the Texas Insurance Code and the DTPA. *Id.* at 10–13.

On April 17, 2013, defendants removed the case on diversity grounds, claiming that Dodson was improperly joined to defeat diversity jurisdiction and block defendants' right to a federal forum. Dkt. 19 (response to motion to remand) at 1–2. On May 17, 2013, Riverview filed a motion to

3

remand and a request for attorney's fees and costs incurred in conjunction with filing the motion to remand. Dkt. 15. Defendants timely filed a response asking the court to deny Riverview's motion to remand and fees request. Dkt. 19. Riverview filed a reply on June 6, 2013, and defendants filed a surreply on June 18, 2013. Dkts. 20, 21. The motion and fees request are ripe for disposition.

## II. LEGAL STANDARD

To establish subject-matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. But even if plaintiff names a non-diverse party as a defendant, the case may still be removed if the defendant was improperly joined, that is, if he was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).[2] To show that a defendant was named "improperly," the defendants must demonstrate plaintiff's inability to plead a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004).[3] In the course of this analysis, the court does not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court must find at least a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Thus, if there is a reasonable basis for recovery against the in-state defendant, then he was properly joined regardless of the effect that joinder has on the removability of plaintiff's case.

---

[2] In the context of removal and remand, improper joinder carries no requirement as to a state of mind, even though courts frequently use terms like fraud or sham to describe improper joinder.

[3] Joinder may also be challenged if there is "actual fraud in the pleading of jurisdictional facts." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). However, because the defendants do not allege that the jurisdictional facts are incorrect, the court will not address this alternative basis for improper joinder.

Procedurally, the court may resolve the question of whether the plaintiff has a reasonable basis of recovery in one of two ways. First, the *Smallwood* court endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. But the court acknowledged that in some cases discrete facts will be missing from the plaintiffs' pleading. *Id.* In these cases, the court may pierce the pleadings and conduct a summary-judgment type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chem. Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Still, when the court pierces the pleadings "[t]he "fraudulent joinder" issue must be seen . . . as presenting a discrete threshold question . . . [not] an entire epic drama." *Keating*, 610 F.2d at 333 (admonishing courts not to conduct "a full dress trial on the merits"). Upon piercing, the inquiry no longer centers on plaintiff's petition but rather on the record as a whole and summary-judgment evidence offered by the parties. *Hornbuckle*, 385 F.3d at 542. The focus must be on the joinder, not on the merits of the plaintiff's case. *Smallwood*, 385 F.3d at 573.

### III. ANALYSIS

*A. Motion to Remand*

Defendants contend that Dodson was improperly joined because Riverview failed to allege any actionable conduct by Dodson and "merely makes conclusory announcements that 'Defendants' violated rote recitations of the alleged causes of action." Dkt. 19 at 1–2. Defendants also assert that Riverview's original petition does not delineate which acts were attributable to Dodson personally. *Id.* Riverview, on the other hand, contends that the petition's facts are sufficient to plead a cause of action against Dodson. Dkt. 15 at 7–10. Further, Riverview claims that it defined the term

"Defendants" in its original petition to include Dodson, and thus its petition sufficiently pleads an actionable claim against him as an individual. Dkt. 20 at 2.

The court finds that Riverview's petition alleges that Dodson individually committed certain conduct, but in some places Riverview fails to distinguish between Dodson's individual acts and those of the other defendants. Therefore, a summary-judgment type inquiry is appropriate in this case. As the *Hornbuckle* court emphasized, the inquiry no longer centers on Riverview's state-court petition, but rather turns to the record as a whole and summary-judgment evidence offered by the parties. *Hornbuckle*, 385 F.3d at 542.

Riverview alleges that Dodson and the other defendants violated chapter 541 of the Texas Insurance Code. Dkt. 1, Ex. D at 10–12. Specifically, Riverview asserts that the defendants failed "to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of Riverview's claim. *Id.* at 11; TEX. INS. CODE § 541.060(2)(A). Riverview further claims that the defendants failed, within a reasonable time, to affirm or deny coverage of the claim. Dkt. 1, Ex. D at 11; TEX. INS. CODE § 541.060(4)(A). And Riverview claims that the defendants refused to pay Riverview's claim without conducting a reasonable investigation. Dkt. 1, Ex. D at 11; TEX. INS. CODE § 541.060(7).

In its motion to remand, Riverview clarified its allegations and contended that Dodson orchestrated most of the wrongful conduct regarding the unjustified delay and inadequate investigation of Riverview's claim. Dkt. 15 at 7–9. Riverview claims that Dodson controlled the pace of the investigation because he was responsible for scheduling plumbing, electrical, and other testing at Riverview's property. Dkt. 15 at 9. Further, Riverview asserts that Dodson consistently ignored Riverview's repeated requests for information regarding the investigation. *Id.* at 10. Riverview submitted evidence in the form of emails to support these assertions. *See* Dkt. 15, Ex.

6

C. Additionally, Riverview contends that Dodson signed and sent the denial letter to Riverview nearly eleven months after Riverview noticed its claim. Dkt. 15, Ex. F at 9.

For the limited purpose of determining whether Riverview properly joined Dodson in this suit, the court finds that the record as a whole supports Riverview's argument. Riverview submitted evidence that Dodson, as the adjuster assigned to the Riverview claim, failed to respond timely to its requests for information. Dkt. 15, Ex. C. These facts are relevant to Riverview's claims under the Texas Insurance Code, for which Dodson may be liable. *See Hornbuckle*, 385 F.3d at 542. Therefore, the court concludes that Riverview has pled and shown particularized facts against Dodson sufficient to establish a reasonable possibility of recovery, and defendants have not met their heavy burden of proving improper joinder. *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). Riverview's motion to remand (Dkt. 15) is **GRANTED**.

### B. Request for Attorneys' Fees and Costs

If the court finds that a remand is necessary, it has the discretion to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This discretion is not unlimited, however, and "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704 (2005). In making this determination the court considers the removal's objective merits at the time of removal, regardless of the ultimate remand decision. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000).

Here, Riverview's petition contained vague allegations against the defendants generally, with certain references to Dodson personally. Still, after carefully reviewing the petition, the court finds

that the defendants' belief that Dodson was improperly joined was not "objectively unreasonable." Riverview's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

The court finds that Dodson was properly joined as a defendant, and Riverview's motion to remand (Dkt. 15) is **GRANTED**. It is further **ORDERED** that Riverview's request for attorneys' fees and costs is **DENIED**, and Riverview's motion for leave to amend (Dkt. 22) is **DENIED** for want of jurisdiction. This case is **REMANDED** to the 61st District Court of Harris County, Texas.

It is so **ORDERED**.

Signed at Houston, Texas on August 13, 2013.

_____
Gray H. Miller
United States District Judge